**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **CHENGQUN WU,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1506-KC** |
| | § | |
| **MARY DE ANDA-YBARRA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

On this day, the Court considered the case. Chengqun Wu filed a Petition for a Writ of Habeas Corpus, ECF No. 1, arguing that his detention is unlawful and asking the Court to order his release or a bond hearing. Wu, a citizen of China, was granted voluntary departure by an immigration judge on March 16, 2026. *Id.* ¶¶ 21–24. Both parties waived appeal of the order and Wu was to depart by April 8, 2026. Resp. 3, ECF No. 3. Wu remains in custody.

The Court ordered Respondents to show cause why the application for a writ of habeas corpus should not be granted. June 1, 2026, Order 2, ECF No. 2. In their Response, Respondents argue that Wu is lawfully detained until he voluntarily departs the United States to China, pursuant to 8 U.S.C. § 1229c and the IJ's order of pre-conclusion voluntary departure under safeguards. Resp. 3. Respondents argue that Wu's detention is "finite because he was granted until April 8, 2026, or to any extension granted by DHS, to voluntarily depart the United States." *Id.* at 4. And that Wu will only be "detained until his departure can be facilitated." *Id.*

"A voluntary departure becomes final when an immigration judge issues an alternate order of removal, if the individual overstays their voluntary departure period." *Texas v. United States*, 524 F. Supp. 3d 598, 615 (S.D. Tex. 2021) (cleaned up) (citing 8 C.F.R. § 1241(f)). In

other words, "a final order of voluntary departure converts to an order of removal by operation of law if the alien fails to timely depart in accordance with the order." *Nasserian v. Ridge*, No. 04-cv-599, 2004 WL 2826823, at *1 n.2 (N.D. Tex. Dec. 8, 2004). Here, when Wu did not depart the country on April 8 by virtue of his detention, his order of voluntary departure converted to a final removal order. *See Texas*, 524 F. Supp. at 615; *accord* IJ Order 1 ("[I]f the Respondent fails to depart as required, the above grant of pre-conclusion voluntary departure shall be withdrawn without further notice or proceedings and the following order, entered pursuant to 8 C.F.R. § 1240.26(d), shall become immediately effective: the Respondents shall be removed to China on the charge(s) set forth in the Notice to Appear."). Thus, the Court finds that Wu is subject to post-final-removal-order detention and that the constitutional restraints on indefinite detention outlined in *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001), apply here. At this point, Wu has been detained for about two months in the post-final-removal order context.

Accordingly, the Court **ORDERS** that Respondents shall **FILE** a status update by **no later than September 9, 2026**, detailing the following:

(1) Whether Wu has been lawfully removed from the country, and if not,

(2) What concrete steps have been taken to effectuate Wu's removal,

(3) What obstacles exist to effectuating Wu's removal, such as issuance of travel documents, or identifying a country for removal,

(4) What concrete steps have been taken to address the existing obstacles, and

(5) The anticipated timeline for Wu's removal from the United States.

**IT IS FURTHER ORDERED** that if any deadline set in this Order falls on a weekend or holiday, that deadline is extended to the following business day.

**SO ORDERED**.

**SIGNED this 9th day of June, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE